(No. 32946.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES BURKE, Plaintiff in Error.

*Opinion filed November 18, 1953.*

HAL M. STONE, JR., of Bloomington, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and CLIFFORD N. COOLIDGE, State's Attorney, of Bloomington, (WENDELL E. OLIVER, and FRED G. LEACH, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Plaintiff in error, James Burke, whom we shall hereinafter refer to as defendant, seeks a review here of his conviction of a felony in the circuit court of McLean County. Mrs. Bonnie Robbins operated a small combination grocery store and tavern in Leroy, Illinois. The building occupied by her consisted of two rooms, one devoted to the grocery department, and the adjoining room was equipped and used for a tavern, also a small area was curtained off for sleeping quarters.

On December 29, 1952, the defendant, aged 28, and Bill Devote drove to Leroy from Farmer City, Illinois. They first visited Adrian's Tavern where they drank beer. Then they went to Bonnie Robbins' place, but the defendant was refused service until his age was sufficiently established by exhibiting his army identification card which contained the name "James W. Burk."

Mrs. Geraldine Davis of Leroy joined the defendant and Devote in their four subsequent visits to the tavern where they were personally served beer by Mrs. Robbins. This group was present when the place closed at about midnight. About an hour later the proprietress was awakened by an intruder who had forcibly broken into her establishment. In a prolonged interview with the burglar, he demanded beer and made improper advances. Failing in the latter, he brutally assaulted her causing a bruised and swollen face and black eye. The assailant, upon observing a profuse flow of blood from a cut on the head, left hurriedly taking with him a case of beer of the value of $3.15.

Mrs. Robbins had no telephone, no automobile, and, being disabled, chose to wait until the following morning to notify the police department of Leroy. She told the officers her visitor had been in her tavern the day before with Geraldine Davis and Bill Devote; that she had seen his identification card and his first name was James; and that he lived in Farmer City. The defendant was arrested and identified by the prosecutrix in a showup including several persons.

The defendant's defense was in the nature of an alibi, claiming that he was driving around the countryside aimlessly at the time of the alleged burglary. His father sought to assist this explanation by testifying that his son's car was parked in his back yard from one to four on the morning in question. This version varied materially from the defendant's story. The father also testified that the reputation of Mrs. Robbins for truth and veracity was not good.

Plaintiff in error in his short brief complains of the impatience and "gratuitous interference, of the trial court." We think the record shows that the defendant received a fair trial free of error. We are also asked not to overlook the fine record of the defendant in his two separate experiences with the United States Army. It is indeed unfortunate that defendant's day of drinking turned his interests into criminal channels and it is commendable that defendant has a creditable military record, but the trial judge evidently gave humane consideration to those factors when he fixed for the defendant a moderate sentence of one year minimum and two years maximum.

The jury and trial court were convinced of the defendant's guilt, and we think the record justifies that determination. Therefore, the judgment of guilty and sentence herein should be and is affirmed.

*Judgment affirmed.*